**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin GONZALEZ–CANTUL,**
**Defendant–Appellant.**

No. 05–50333.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

David P. Kowal, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Martin Gonzalez–Cantul appeals from the 30–month sentence imposed following his guilty-plea conviction for being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellant's contention that imposition of the remedial scheme in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), violated the Ex Post Facto clause is foreclosed. *See United States v. Dupas,* 419 F.3d 916, 919–21 (9th Cir.2005). His contention that the district court improperly delegated to the probation officer the decision whether, and how much, he should pay for any post-custodial psychiatric treatment is similarly foreclosed. *See id.* at 922–24.

Finally, appellant's contention that the reporting condition of his supervised release violates his Fifth Amendment right against self-incrimination is also foreclosed. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772 (9th Cir.2006).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.